# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| THOMAS PUCKETT, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| V. ) | 2:18-cv-01577-TMP |
| ) | |
| KTH LEESBURG PRODUCTS, LLC., ) | JURY DEMAND |
| ) | |
| DEFENDANT. ) | |
| ) | |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. Thomas Puckett is a 57 year old man who began working for Defendant in July 2001, and he remained employed there until Defendant terminated him in April 2018. Through this action Plaintiff asserts that Defendant terminated him because of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq*.

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, and the ADA. Venue is proper in the Northern District of Alabama, Southern Division under 28 U.S.C. §1391(b) pursuant to Title VII's choice-of

venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under the ADEA. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed his Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC.

## III.    PARTIES

4. Plaintiff is a fifty seven (57) year old citizen of the United States, and a resident of the State of Alabama

5. Defendant KTH Leesburg Products LLC is a subsidiary of KTH Parts Industries, Inc., which is itself a subsidiary of H-One Co., LTD, headquartered in Japan. Defendant is an entity subject to suit under the ADA.

6. At all times relevant to the events set forth herein, Defendant has employed fifteen (15) or more employees.

7. The acts by Defendant were authorized, ordered, or done by Defendant's officers, agents, employees, or representatives while they were actively engaged in the management of Defendant's business.

## IV.    STATEMENT OF FACTS

8. Plaintiff is a fifty seven (57) year old man who started working for Defendant

as a Line Associate in July 2001, and he remained employed there until Defendant terminated him on April 6, 2017.

9. Defendant is a Japanese owned company that manufactures and sells automotive parts to Japanese automobile manufacturers, including Honda Motor Co.

10. Defendant promoted Plaintiff to a Coordinator position in KLP's Weld Department on May 19, 2005, and on October 31, 2007, Defendant promoted Plaintiff to Weld Manager.

11. On September 19, 2011, Defendant transferred Plaintiff to the newly created position of 2nd Shift Operations Manager of Administration, and on August 4, 2013, Defendant transferred Plaintiff to 2nd Shift Operations Manager of Production.

12. In this last position, Plaintiff supervised the second shift production employees including disciplining them when necessary.

13. Throughout Plaintiff's employment, his job performance was excellent.

14. In 2017, Plaintiff began training a man in his twenties named Chad Lisenbee, who had just been promoted to the newly created management position of Assistant Weld Manager.

15. On April 6, 2017, Defendant called Plaintiff into the office where he met with

the president of the American side of the plant, Rick Esch, who had been employed for about 2 years. Esch told Plaintiff they had done away with his job title, that he was no longer needed, and that he was fired.

16. Defendant offered Plaintiff a severance package, but Plaintiff did not accept the severance offer to him because he had intended on working for many more years.

17. Other employees who were younger than Plaintiff have been taken out of their jobs due to performance issues and have been moved to other positions as opposed to being terminated, including Scott Wiford, who was moved from a Weld Manager position to a Senior Staff over Logistics, which was a job that did not previously exist. Also, Defendant moved Dan Thorton to another job because of performance issues as opposed to terminating him. Both Wiford and Thorton were much younger than Plaintiff.

18. When Defendant terminated Plaintiff there were numerous open positions that Plaintiff was extremely well qualified to fill, including Team Lead positions, Coordinator positions, and Line Lead positions.

19. Plaintiff would have even taken a job on the line in order to maintain the company health insurance and other benefits of employment.

20. Plaintiff was the oldest manager in the plant at the time of his termination.

21. Chad Lisenbee, who is significantly younger than Plaintiff and the employee whom Plaintiff trained, took over the vast majority of Plaintiff's duties and responsibilities.

22. The majority of Plaintiff's work had been in weld production, and Lisenbee took over those duties, including issuing disciplines to second shift production associates that Plaintiff had been supervising.

23. Defendant's Japanese officers, managers and supervisors maintain ultimate control over Defendant's Alabama plant.

24. The president of the Japanese side of the plant, Yuki Suzuki, had the final say at that facility where Plaintiff worked.

25. Suzuki made ageist remarks to Plaintiff, including on a regular basis calling him an "old man"; telling Plaintiff that he was getting very old; questioning Plaintiff about how long until he retires and, when Plaintiff told him at least seven more years, responding by saying "why so long"; and making other remarks revealing the discriminatory view he held towards Plaintiff because of his age.

26. Also, another member of management, Takashi Shindo, made numerous ageist remarks to Plaintiff, including calling him an "old man", telling Plaintiff he was "too old" and "too old to run the line"; and other derogatory remarks about

Plaintiff's age.

27. Defendant maintains it terminated Plaintiff as a way of cutting costs; however, Defendant's articulated cost cutting reason for terminating Plaintiff is false and/or a pretext for age discrimination.

28. Not too long before terminating Plaintiff, Defendant had created two new assistant manager positions and placed younger men named Chad Lisenbee and Zachory Limmon in those jobs.

29. Defendant willfully violated the ADEA when it terminated Plaintiff.

30. As a result of Defendant's actions, Plaintiff has suffered harm, including but not limited to, loss of employment, loss of insurance, denial of wages, compensation, and other benefits and conditions of employment.

## V.  CAUSES OF ACTION

### COUNT I – AGE DISCRIMINATION UNDER ADEA

31. Plaintiff re-alleges and incorporates the above stated factual paragraphs as if fully set forth herein.

32. Plaintiff brings this Count pursuant to the ADEA.

33. Plaintiff is over forty years old.

34. Defendant discriminated against Plaintiff on the basis of age by terminating his employment.

35. Plaintiff is over age 40, he was subjected to an adverse employment action when defendant terminated him, a substantially younger person took over the Plaintiff's duties and responsibilities and Plaintiff was qualified for the job he held and job held by the younger person who took over his duties and responsibilities.

36. If Defendant contends it terminated Plaintiff as part of a reduction in force ("RIF") of a single position when it allegedly eliminated his position, Plaintiff again states that when Defendant ended his employment he was in a protected age group, he was adversely affected by an employment decision when Defendant allegedly eliminated his job, he was qualified for the position he had held and he was qualified to assume other positions at the time of his discharge including the Assistant Manager position held by Chad Lisenbee, Team Lead positions and other jobs at the plant

37. But for Plaintiff's age, Defendant would not have terminated Plaintiff's employment.

38. Defendant has failed to articulate a legitimate, nondiscriminatory reason for terminating Plaintiff.

39. Said discrimination was done willfully and intentionally.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiffs as secured by the ADEA.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the ADEA.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding him back pay (plus interest), liquidated damages, reinstatement or front pay until such a position becomes available, nominal damages, and loss of benefits including retirement, pension, seniority and other benefits of employment.

4. Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFFS DEMANDS A TRIAL BY STRUCK JURY**.

                      Respectfully submitted,

                      /s/ Jon C. Goldfarb
                      Jon C. Goldfarb asb-5401-f58j
                      L. William Smith asb-8660-A61s
                      Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205-314-0500

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed today, January 14, 2019, the above and foregoing with copies being served by using the CM / ECF system which will send notification to the following counsel of record:

Marcel L. Debruge
Ronald S. Williams
Meryl L. Cowan
Attorneys for Defendant KTH Leesburg Products, LLC
BURR & FORMAN LLP
420 Twentieth Street North, Suite 3400
Birmingham, Alabama 35203
Email: mdebruge@burr.com
scwilliams@burr.com
mcowan@burr.com                 /s/ Jon C. Goldfarb
                                                        Of Counsel